IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION


GONZALO LAVIE VILLASANA, #1445544 §


VS.                                    §                    CIVIL ACTION NO. 4:11cv548
                                                            *Consolidated with* 4:11cv549

DIRECTOR, TDCJ-CID                     §


REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Gonzalo Lavie Villasana, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.


Background

Petitioner is challenging his Collin County conviction for intoxication assault, Cause No. 416-83310-06, and intoxication manslaughter, Cause No. 416-83311-06. On June 7, 2007, a jury found him guilty and sentenced him to sixty years' confinement for intoxication assault and life confinement for intoxication manslaughter, to run consecutively. The Fifth Court of Appeals affirmed his convictions and sentences on July 24, 2008. *Villasana v. State*, Nos. 05-07-00904-CR, 05-07-00905-CR. The Texas Court of Criminal Appeals refused his petition for discretionary review (PDR) on December 17, 2008. Petitioner filed an 11.07 application for a writ of habeas

corpus in state court, which the Court of Criminal Appeals denied without written order based on the findings of the trial court on July 27, 2011. *Ex parte Villasana*, Application No. 41,695, at cover.

In the present petition, Petitioner claims he is entitled to relief because:

1.      Trial counsel provided ineffective assistance by failing to

      a.      file a motion to suppress blood evidence;

      b.      investigate witnesses and the accident report, and

      c.      timely request a jury instruction on causation or object to the court's charge because it did not contain such an instruction;

2.      The State knowingly elicited perjured testimony from a witness;

3.      The State suppressed material, exculpatory evidence by altering the accident report;

4.      The trial court abused its discretion in denying defense counsel's motion for a continuance; and

5.      Appellate counsel was ineffective in failing to raise certain claims on appeal including:

      a.      ineffective assistance of trial counsel,

      b.      the State's *Brady* violation, and

      c.      the State's improper use of blood evidence.

The Director filed a Response, asserting that Petitioner's claims are without merit. Petitioner filed a Reply.

## Statement of Facts

The Fifth Court of Appeals summarized the facts of this case:

At approximately 6:30 a.m. on February 15, 2006, Christopher Hales was driving a Honda Civic in the eastbound lane of Parker Road in Collin County. Appellant was driving a Ford truck in the westbound lane of Parker Road. As the two vehicles approached each other, the truck crossed over the double no-passing stripe into the eastbound lane and struck the Honda head on. Hales died at the scene of the accident and a passenger in the Honda, Wesley Herod, suffered broken bones, internal bleeding, and a permanent brain injury. Johnny Grantham, a passenger in appellant's

truck also suffered injuries.

At the time of the accident, Lucinda Solis was traveling three car lengths behind the Honda in the same lane. Solis had to slam on her brakes to avoid being involved in the accident. Immediately after the collision, Solis called for emergency assistance. When she looked inside the Honda, both occupants were unconscious. Appellant was still in his truck and was yelling for help. When Solis approached the truck, she observed appellant behind the steering wheel on the driver's side of the vehicle. Appellant said his knees were pinned and he was unable to get out of the truck. Solis noticed an odor of alcohol when she approached the truck. Solis also saw Grantham stumble out of the passenger side of the truck, cross the street, and lie down in a ditch.

Several police officers and paramedics responded to the accident. Numerous broken beer bottles were found in the truck, and the internal compartment of the truck was covered in beer. When appellant was taken to the hospital, the blood test conducted by the hospital for the purpose of treatment showed the presence of alcohol and methamphetamine in appellant's blood. An officer ordered and observed another blood draw six hours later. The blood tested positive for the presence of methamphetamine and amphetamine but not for alcohol. A medical technician also discovered syringes on appellant's person. In a subsequent search of the truck conducted pursuant to a warrant, additional syringes of the same type discovered on appellant's person were found. One of the syringes tested positive for methamphetamine.

Appellant was charged with intoxication assault and intoxication manslaughter in separate indictments. Both charges were tried before a jury in a single trial. During the guilt/innocence phase of the trial, the State called numerous witnesses. J.R. Odom, a trooper from the Texas Department of Public Safety (DPS) testified concerning the scene of the accident, the blood draw, and his investigation. Kenneth Parker, an emergency room technician, testified about finding the syringes on appellant's person. Two forensic scientists from DPS labs, Drew Font and Kathy Erwin, testified about the tests conducted on the blood and syringes. Solis testified about the accident and Herod testified about his injuries. Dr. Laura Petrey testified about appellant's medical records. The jury also heard testimony from several paramedics: Katherine Willoughby, Jeff Pynes, Robert Ballard, and Brian Moriarty. The paramedics told the jury about the scene of the accident and the treatment and condition of the individuals involved.

When the State rested, against the advice of counsel, appellant testified on his own behalf. Appellant testified that Grantham, his passenger, caused the accident by reaching over and jerking the steering wheel. Appellant also denied owning the syringes or having amphetamine or methamphetamine in his system. Four individuals serving time in jail for various offenses also testified as witnesses for appellant. Three of these individuals, Joseph Eade, Fletcher Isenminger, and Farris Sawan all testified about conversations they had with Grantham in jail. During these conversations, Grantham told them he had caused the accident. Joseph Henson, a long-time acquaintance of Grantham, testified about a similar conversation with

Grantham. Hensen also testified about mechanical difficulties with the steering in the truck.

The jury found appellant guilty of both offenses, and sentenced him to sixty years' imprisonment in the intoxication assault case and life imprisonment in the intoxication manslaughter case.

*Villasana v. State*, slip op. at 1-2.

<u>Federal Habeas Corpus Relief</u>

The role of federal courts in reviewing habeas corpus petitions by prisoners in state custody is exceedingly narrow. A person seeking federal habeas corpus review must assert a violation of a federal constitutional right. *Lowery v. Collins*, 988 F.2d 1354, 1367 (5th Cir. 1993). Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed.2d 385 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996). In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

The prospect of federal courts granting habeas corpus relief to state prisoners has been further limited by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The provisions of Section 2254(d) provide that an application for a writ of habeas corpus "shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See Williams v. Taylor*, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1517-18, 146 L. Ed.2d 389 (2000); *Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). The statutory provision requires federal courts to be deferential to habeas corpus decisions on the merits by state courts. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

A decision by a state court is "contrary to" the Supreme Court's clearly established law if it

"applies a rule that contradicts the law set forth in" the Supreme Court's cases. *Williams*, 529 U.S. at 405-06, 120 S. Ct. at 1519-20. A federal court's review of a decision based on the "unreasonable application" test should only review the "state court's 'decision' and not the written opinion explaining that decision." *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (*en banc*). "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas corpus court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411, 120 S. Ct. 1522-23. Rather, that application must be objectively unreasonable. *Id.* 529 U.S. at 409, 120 S. Ct. at 1521. The standard is satisfied only if "reasonable jurists considering the question would be of one view that the state court ruling was incorrect." *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir 1998) (internal quotation marks and citations omitted).

The trial court's factual findings are entitled to a presumption of correctness unless the petitioner can rebut the presumption with clear and convincing evidence to the contrary. *Valdez v. Cockrell*, 274 F.3d 941, 947 (5th Cir. 2001). A federal district court must be deferential to state court findings supported by the record. *See Pondexter v. Dretke*, 346 F.3d 142, 149-152 (5th Cir. 2003). The AEDPA has modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *Beel v. Cone*, 535 U.S. 685, 693, 122 S. Ct. 1843, 1849, 152 L. Ed.2d 914 (2002); *see Williams*, 529 U.S. at 404, 120 S. Ct. at 1519. A state application that is denied without written order by the Texas Court of Criminal Appeals, as in the present case, is an adjudication on the merits. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997) (holding a "denial" signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits). Additionally, federal habeas relief is foreclosed if a claim (1) is procedurally barred as a consequence of a failure to comply with state procedural rules, *Coleman v. Thompson*, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed.2d 640 (1991); (2) seeks retroactive application of a new rule of law

to a conviction that was final before the rule was announced, *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989); or (3) asserts trial error that, although of constitutional magnitude, did not have a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 1722, 123 L. Ed.2d 353 (1993).

In the context of § 2254(d), the deferential standard that must be accorded to counsel's representation must also be considered in tandem with the deference that must be accorded state court decisions, which has been referred to as "doubly" deferential. *Harrington v. Richter,* 526 U.S. 86*,* 131 S. Ct. 770, 788, 178 L. Ed.2d 624 (2011). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. "If the standard is difficult to meet, that is because it was meant to be." *Id*. at 786. Section 2254(d), as amended by AEDPA, "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this court's precedents. It goes no farther." *Id*. "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id*.; *see also Morales v. Thaler*, 714 F.3d 295, 302 (5th Cir. 2013). "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Richter*, 526 U.S. —, 131 S. Ct. at 784.

AEDPA also states that the state court's factual findings "shall be presumed to be correct" unless the petitioner carries "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254( e)(1). This presumption of correctness also applies to unarticulated findings that are necessary to the state court's conclusions of mixed law and fact.

*Valdez*, 274 F.3d at 948 n. 11. This presumption is especially strong where, as in this case, the trial judge and the state habeas judge are the same. *Miller-El v. Johnson*, 261 F.3d 445, 449, 454 (5th Cir. 2001) (citing *Clark v. Johnson*, 202 F.3d 760, 764, 766 (5th Cir. 2000)).

Further, the evidence upon which a petitioner would challenge a state court fact finding must have been presented to the state court, except for the narrow exceptions contained in § 2254(e)(2). Because a federal habeas court is prohibited from granting relief unless a decision was based on "an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, " it follows that demonstrating the incorrectness of a state court fact finding based upon evidence not presented to the state court would not be helpful to a federal habeas petitioner. 28 U.S.C. § 2254(d); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). If a habeas petitioner failed to fully develop the factual bases of his claims in state court, he is precluded from further factual development in federal court unless (1) his claims rely on a new rule of constitutional law or a factual predicate previously undiscoverable through the exercise of due diligence; and (2) he establishes by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty. 28 U.S.C. § 2254(e)(2). Failing to meet this standard of diligence will bar a federal evidentiary hearing in the absence of a convincing claim of actual innocence that can only be established by newly discovered evidence. *Williams*, 529 U.S. at 436, 120 S. Ct. at 1490. Even if a petitioner can meet the foregoing standard, it is within this court's discretion to deny a hearing if sufficient facts exist to make an informed decision on the merits. *Clark v. Johnson*, 227 F.3d 273, 284-85 (5th Cir. 2000).

<u>Ineffective Assistance of Counsel at Trial</u>

Petitioner claims that his trial counsel was ineffective for failing to (1) file a motion to suppress the blood evidence, (2) investigate witnesses and the accident report, and (3) timely request a jury instruction on causation or object to the court's charge because it did not contain such an instruction.

<u>Legal Standard</u>

A petitioner who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence. *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995). In order to succeed on a claim of ineffective assistance of counsel, a habeas corpus petitioner must show that "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065, 80 L. Ed.2d 864 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* 466 U.S. at 690, 104 S. Ct. at 2066. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981); *Rubio v. Estelle,* 689 F.2d 533, 535 (5th Cir. 1982); *Murray v. Maggio*, 736 F.2d 279 (5th Cir. 1984). Secondly, the habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. Petitioner must "affirmatively prove," not just allege, prejudice. *Id.*, 466 U.S. at 693, 104 S. Ct. at 2067. If he fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.*, 466 U.S. at 697, 104 S. Ct. 2052.

<u>Failure to File Motion to Suppress</u>

Petitioner claims that trial counsel was ineffective for failing to file a motion to suppress evidence obtained from a police-ordered draw of Petitioner's blood. Petitioner asserts that trial counsel should have filed a motion to suppress this evidence as it was the product of an unlawful search and seizure based on the police violating statutory requirements in the drawing of the blood. A determination of ineffectiveness depends on whether a motion or objection would have been granted or sustained had it been made. *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987).

Merely asserting that he was prejudiced is not sufficient to satisfy the prejudice prong of *Strickland*. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

Under the Texas Transportation Code, a police officer may order that an individual's blood be drawn if the individual "is arrested for an offense arising out of acts alleged to have been committed while the person was operating a motor vehicle in a public place . . . while intoxicated." Tex. Transp. Code §§ 724.011-724.012, 724.014 (Vernon 2006). In this case, Trooper Odom, who was the officer who ordered the blood draw, testified that Petitioner was under arrest when he [Odom] arrived at the hospital. Odom further testified that he had reasonable suspicion that Petitioner had been driving a vehicle while intoxicated due to beer bottles and syringes found in the vehicle. Consequently, the blood draw was proper under Texas law, and a motion to suppress would have been meritless. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) (failure to raise meritless objections is not ineffective lawyering; it is the very opposite").

Petitioner's assertion that he was not under arrest at the time his blood was drawn is without merit, and is contradicted by the record and state law. Odom testified that Petitioner was under arrest when the blood was drawn. Odom read the statutory warnings required before a blood draw can be made of an individual under arrest for an offense involving operation of a motor vehicle while intoxicated. Under Texas law, reading these statutory warnings indicate that the individual is under arrest. *See, e.g., Washburn v. State*, 235 S.W.3d 346, 352 (Tex. App.–Texarkana 2007). Moreover, the trial court made findings of facts and conclusions of law, finding that Petitioner's police-ordered blood draw was proper, and that he was under arrest at the time. It found that Odom read Petitioner the statutory warning, the DIC-24, and concluded that Petitioner was under arrest at the time of the blood draw. The CCA adopted these findings and conclusions when it denied relief. Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Williams*, 529 U.S. at 402-03, 120

S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has not shown that there was no reasonable basis for the state court to deny relief. *Richter*, 526 U.S. —, 131 S. Ct. at 784.

Failure to Investigate

Petitioner claims that his counsel was ineffective for failing to investigate the accident report and witnesses who would have testified in Petitioner's defense. Specifically, Petitioner asserts that counsel failed to interview several witnesses who would have testified that his passenger, Grantham, caused the accident by pulling the steering wheel. He further claims that counsel failed to investigate the original accident report, which included a diagram allegedly supporting Petitioner's theory. A defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982). "Counsel is 'not required to pursue every path until it bears fruit or until all conceivable hope withers.'" *Moore v. Johnson*, 194 F.3d 586, 616 (5th Cir. 1999) (citing *Lovett v. Florida*, 627 F.2d 706, 708 (5th Cir. 1980)).

The record shows that trial counsel submitted an affidavit in the state habeas proceedings. Counsel stated that he "did review the accident report prior to trial." Petitioner maintains that counsel should have objected to the State's use of the diagram from the accident report because it had been altered. However, Petitioner has not shown how further investigation into the diagram, or objection to it, would have benefitted his defense. Furthermore, counsel introduced the full accident report as evidence, including an unaltered diagram still showing directional arrows indicating the paths of the cars. The state habeas court found that the lines that were removed from the accident report are present in another defensive exhibit and that these lines "do not support Applicant's theory that Johnny Grantham caused the accident by grabbing the steering wheel." *Ex parte Villasana*, Application No. 41,695, at 544. The state habeas court concluded that counsel's performance was not deficient for failing to investigate "whether the State altered the police accident reports since [counsel] had a copy of the unaltered report and the State disclosed in open court had it had been altered." *Id*. at 545.

10

Petitioner has not overcome the presumption that the challenged action "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. Reasonable strategic decisions can never be a basis for constitutionally ineffective assistance of counsel. *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983). The CCA adopted the findings and conclusions of the trial court when it denied relief. Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has not shown that there was no reasonable basis for the state court to deny relief. *Richter*, 526 U.S. —, 131 S. Ct. at 784.

Petitioner next asserts that trial counsel was ineffective for his investigation of witnesses. "[C]omplaints of uncalled witnesses are not favored, because the presentation of testimonial evidence is a matter of trial strategy and because allegations of what a witness would have testified are largely speculative." *Buckelew v. United States*, 575 F.2d 515, 521 (5th Cir.1978). Further, the presentation of witness testimony is essentially strategy and, thus, within the trial counsel's domain. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir.1985). A petitioner must overcome a strong presumption that his counsel's decision in not calling a particular witness was a strategic one. *Murray v. Maggio, Jr.*, 736 F.2d 279, 282 (5th Cir. 1984). Where "the only evidence of a missing witness's testimony is from the defendant," claims of ineffective assistance are viewed with great caution. *United States v. Cockrell*, 720 F.2d 1423, 1427 (5th Cir.1983), *cert. denied*, 467 U.S. 1251, 104 S. Ct. 3534, 82 L. Ed.2d 839 (1984). Moreover, to succeed on the claim, Petitioner must have shown that had counsel investigated, he would have found witnesses to support the defense, that such witnesses were available, and had counsel located and called these witnesses, their testimony would have been favorable and they would have been willing to testify on Petitioner's behalf. *Alexander*, 775 F.2d at 602; *Gomez v. McKaskle*, 734 F.2d 1107, 1109-10 (5th Cir. 1984), *cert. den.*, 469 U.S.

1041 (1984). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *Woods*, 870 F.2d at 288; *Schlang*, 691 F.2d at 799.

In this case, counsel called all of Petitioner's proposed witnesses to testify at trial except for one - Rodolfo Zenteno. Counsel stated in his affidavit that he received affidavits from Petitioner's potential witnesses prior to trial. He stated that he interviewed all witnesses prior to trial. Petitioner has not shown that Zenteno, the only witness not called to testify, would have provided testimony different from those who testified, or that his defense would have benefitted from one additional witness. *Nelson*, 989 F.2d at 850. Petitioner has not overcome the presumption that the challenged action "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065.

Moreover, the state habeas court considered this issue and rejected it, finding that "Applicant has not met his burden of proving that the outcome of his trial would have been different if [counsel] had interviewed the defense witnesses prior to trial." *Ex parte Villasana*, Application No. 41,695, at 546. The state habeas court concluded that trial counsel was not deficient in his pretrial investigation of the acts and the law. *Id*. at 554. Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has not shown that there was no reasonable basis for the state court to deny relief. *Richter*, 526 U.S. —, 131 S. Ct. at 784.

Jury Instruction on Causation

Petitioner next asserts that counsel was ineffective for failing to timely request a jury instruction on causation. Under § 6.04(a) of the Texas Penal Code, a "person is criminally responsible if the result would not have occurred but for his conduct, operating either alone or concurrently with another cause, unless the concurrent cause was clearly sufficient to produce the result and the conduct of the actor clearly insufficient." (Vernon 2006). Alternatively, Petitioner

claims that counsel should have objected to the court's charge for failing to include such an instruction. A review of the record shows that Petitioner is mistaken in his assertions as the charge included an instruction on causation. Furthermore, counsel objected to the charge, requesting a change in the causation language. The trial court denied his motion. Petitioner has failed to show deficient performance or how he was prejudiced. Moreover, the state habeas court found that counsel was effective. *Ex parte Villasana*, Application No. 41,695, at 553. Petitioner has failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. The CCA rejected this claim when it denied Petitioner's state habeas application. Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has not shown that there was no reasonable basis for the state court to deny relief. *Richter*, 526 U.S. —, 131 S. Ct. at 784.

<u>Prosecutorial Misconduct</u>

Petitioner alleges that the prosecution engaged in misconduct. Claims of prosecutorial misconduct are determined on a case by case basis. *Stahl v. State*, 749 S.W.2d 826, 830 (Tex. Crim. App. 1988). Prosecutorial misconduct has been found where the prosecutor's actions deliberately violated an express court order and where the prosecutor's misconduct was "so blatant as to border on being contumacious." *Id*. at 831. It may also be shown where the prosecutor asks a question that is clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced. *See Huffman v. State*, 746 S.W.2d 212, 218 (Tex. Crim. App. 1988).

Where improper prosecutorial argument is asserted as a basis for habeas relief, "it is not enough that the prosecutor's remarks were undesirable or even universally condemned.'" *Darden*

*v. Wainwright*, 477 U.S. 168, 181, 106 S. Ct. 2462, 91 L. Ed.2d 144 (1986). Rather, the relevant question is whether the prosecutor's comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Id*. In order to constitute a denial of due process, the acts complained of must be of such character as to necessarily prevent a fair trial. *Jones v. Scott*, 69 F.3d 1255, 1278 (5ᵗʰ Cir. 1995). Moreover, the burden is on the habeas petition to show a reasonable probability that, but for the remarks, the result would have been different.[1] *Id*.

Petitioner claims that the State knowingly elicited perjured testimony from Trooper Odom because Odom testified that Petitioner was under arrest at the time of the blood draw, which the State allegedly knew to be false. The Fifth Circuit dealt with the issue of perjury in *Kutzner v. Cockrell*, 303 F.3d 333, 336 (5th Cir. 2002). A petitioner must prove that the prosecution knowingly presented or failed to correct materially false testimony during trial. *Id.*, 303 F.3d at 337. Due process is not implicated by the prosecutions's introduction or allowance of false or perjured testimony unless the prosecution actually knows or believes the testimony to be false or perjured; it is not enough that the testimony is challenged by another witness or is inconsistent with prior statements. *Id*. Perjury is not established by mere contradictory testimony from witnesses, inconsistencies within a witness' testimony and conflicts between reports, written statements and the trial testimony of prosecution witnesses. *Koch v. Puckett*, 907 F.2d 524, 531 (5th Cir. 1990).

Here, Petitioner fails to show that Odom presented perjured testimony because he has not shown that Odom's testimony was false. Odom testified that Petitioner was under arrest and that he read the statutory warnings to him consistent with an arrest. Although Petitioner notes that his arrest record does not show he was arrested on the date of the accident, this shows only an inconsistency between the trial testimony and Petitioner's arrest record, which is insufficient to prove perjury. *Koch*, 907 F.2d at 524. Moreover, the state habeas court found that Petitioner was under arrest. "Trooper Odom's testimony that Applicant was under arrest at the time of the police-ordered

---

[1]Counsel's failure to object to an argument at trial is an indication that it was not perceived as having a substantial adverse effect. *Id*.

blood draw was true, so the prosecutor did not elicit perjured testimony from Trooper Odom." *Ex parte Villasana*, Application No. 41,695, at 547. The state habeas court concluded that Petitioner's "rights to a fair trial, due process, and due course of law were not violated by the State eliciting testimony from Trooper Odom that Applicant was under arrest at the time of the police-ordered blood draw. . . ." *Ex parte Villasana*, Application No. 41,695, at 554-55. Petitioner has offered nothing other than his assessment that there were inconsistencies. He has not shown that the prosecution knowingly presented or failed to correct false testimony during trial. The CCA rejected these claims when it denied Petitioner's state habeas application. Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has not shown that there was no reasonable basis for the state court to deny relief. *Richter*, 526 U.S. —, 131 S. Ct. at 784.

### *Brady* Claim of Suppressed Evidence

Petitioner next alleges that the State suppressed material, exculpatory evidence when it altered a diagram appearing in the accident report. He claims that this alteration amounts to the destruction of exculpatory evidence. In *Brady v. Maryland*, the Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97, 10 L. Ed.2d 215 (1963). The prosecution "need not disgorge every piece of evidence in its possession . . . [but] has an affirmative duty to disclose to the defense evidence that is favorable to the accused and material to guilty." *Rector v. Johnson*, 120 F.3d 551, 558 (5th Cir. 1997). In addressing a *Brady* claim, the Fifth Circuit has explained that a defendant must prove:

> (1) the prosecution suppressed evidence;
>
> (2) the suppressed evidence was favorable to the defense; and

(3) the suppressed evidence was material to the defense.

*Derden v. McNeel*, 938 F.2d 605, 617 (5th Cir. 1991). The test for materiality is whether there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id*. The materiality of the evidence is evaluated in light of the entire record. *See Lagrone v. State*, 942 S.W.2d 602, 615 (Tex. Crim. App. 1997). The Fifth Circuit also requires that a petitioner show that "discovery of the allegedly favorable evidence was not the result of a lack of due diligence. *Rector*,120 F.3d at 558. The state does not have a duty to disclose information that is available from other sources. *Id*. at 559. Additionally, the mere possibility that a piece of information might have helped the defense does not establish materiality in the constitutional sense. *Id*. at 562.

In this case, Petitioner fails to establish the *Brady* requirements. He has failed to show that the State suppressed the evidence. As discussed above, counsel had a copy of the original accident report with the unaltered diagram and introduced this report into evidence. Additionally, the prosecutor stated, on the record, that the diagram the State introduced into evidence had been altered. Moreover, the state habeas court considered this claim and found that no *Brady* violation occurred, noting that *Brady* "does not apply to the police accident report since the report was fully accessible to Applicant from other sources, and, in fact, Applicant possessed the report a reasonable time prior to trial." It further noted that "the report was not favorable to Applicant." *Ex parte Villasana*, Application No. 41,695, at 548. The state habeas court concluded that "Applicant's rights to a fair trial, due process, and due course of law were not violated by the State creating State's Exhibit 16 or by the state failing to disclose the police accident report. . . ." *Ex parte Villasana*, Application No. 41,695, at 555.

Petitioner has failed to meet the *Brady* requirements showing that the State erred in withholding favorable evidence. *Derden*, 938 F.2d at 617. Moreover, the state habeas court found no evidence of prosecutorial misconduct. The CCA rejected these claims when it denied Petitioner's state habeas application. Petitioner has not shown that the state court proceedings resulted in a

16

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has not shown that there was no reasonable basis for the state court to deny relief. *Richter*, 526 U.S. —, 131 S. Ct. at 784.

### Trial Court Denying Motion for Continuance

Petitioner complains that the trial court abused its discretion in denying his motion for a continuance, which resulted in counsel being denied sufficient time to prepare for trial. However, Petitioner has failed to state a claim on which federal habeas relief may be granted. Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present. *McGuire*, 502 U.S. at 67-68, 112 S. Ct. at 479-80; *West*, 92 F.3d at 1404. In the course of reviewing state proceedings, a federal court does not sit as a super state appellate court. *Dillard*, 780 F.2d at 513. A petitioner cannot prevail in a federal habeas action by showing simply a violation of state law. *See, e.g., Smith v. Phillips*, 455 U.S. 209, 221 , 102 S. Ct. 940, 948, 71 L. Ed.2d (1982) (federal courts may intervene in state court only to correct errors of federal constitutional dimension). Violations of state law cannot support the granting of habeas relief unless they are so egregious as to render the entire trial fundamentally unfair. *Thomas v. Lynaugh*, 812 F.2d 225, 230-31 (5th Cir. 1987).

Petitioner's issue is not cognizable on federal habeas review because it involves an error of state trial procedure. *Phillips*, 455 U.S. at 221, 102 S. Ct. at 948. Petitioner has not alleged that the trial court's actions rendered his trial fundamentally unfair, nor does this court find so. *Thomas*, 812 F.2d at 230-31. Moreover, the state habeas court considered this issue and found that counsel had sufficient time to prepare for trial, and indeed, was prepared. *Ex parte Villasana*, Application No. 41,695, at 549. It also found that "Applicant was not harmed by the trial court's denial of his motion for continuance because the outcome of Applicant's trial would not have been different if the trial

court had granted his motion . . . ." *Id*. It concluded that the trial court did not abuse its discretion. *Id*. at 555. The CCA rejected this claim when it denied Petitioner's state habeas application. Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has not shown that there was no reasonable basis for the state court to deny relief. *Richter*, 526 U.S. —, 131 S. Ct. at 784.

### Ineffective Assistance of Counsel on Appeal

The Fifth Circuit has held that to prevail on a claim of ineffective assistance of counsel on appeal, the petitioner must make a showing that had counsel performed differently, there would have been revealed issues and arguments of merit on the appeal. *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir. 1991), *citing Strickland*, 466 U.S. at 687, 104 S. Ct. at 2065. In a counseled appeal after conviction, the key is whether the failure to raise an issue worked to the prejudice of the defendant. *Sharp*, 930 F.2d at 453. This standard has been affirmed by the Supreme Court. *See Smith v. Robbins*, 528 U.S. 259, 285, 120 S. Ct. 746, 764, 145 L. Ed.2d 756 (2000) (holding that the petitioner must first show that his appellate attorney was objectively unreasonable in failing to find arguable issues to appeal, and also a reasonable probability that, but for his counsel's unreasonable failure to file a merits brief raising these issues, he would have prevailed on his appeal). *See also Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed.2d 389 (2000); *Briseno v. Cockrell*, 274 F.3d 204, 207 (5th Cir. 2001).

Furthermore, an appellate counsel's failure to raise certain issues on appeal does not deprive an appellant of effective assistance of counsel where the petitioner did not show trial errors with arguable merit. *Hooks v. Roberts*, 480 F.2d 1196, 1198 (5th Cir. 1973). Appellate counsel is not required to consult with his client concerning the legal issues to be presented on appeal. *Id*. at 1197. An appellate attorney's duty is to choose among potential issues, using professional judgment as to

their merits – every conceivable issue need not be raised on appeal. *Jones v. Barnes*, 463 U.S. 745, 749, 103 S. Ct. 3308, 3311-12, 77 L. Ed.2d 987 (1983).

Petitioner asserts that his appellate counsel was ineffective for failing to claim that (1) trial counsel was ineffective, (2) the State committed a *Brady* violation in altering the accident report diagram, and (3) Petitioner was not under arrest so the evidence obtained from the blood draw amounted to a product of an unconstitutional search and seizure. However, as has already been discussed above in each of these claims, no error has been found. Accordingly, appellate counsel is not ineffective for failing to raise meritless issues. *Robbins*, 528 U.S. at 285, 120 S. Ct. at 764; *Hook*, 480 F.2d at 1198.

Moreover, the state habeas court considered this issue, and found it to be without merit. Appellate counsel provided an affidavit in the state habeas proceedings, which the state habeas court found to be credible. In it, appellate counsel explained his choices in raising certain issues on appeal. He explained that he did not raise the claims Petitioner requested because each lacked merit. He added that raising such claims would "diminish our overall chances of a reversal, and diminish the impact of the six points of errors already included in my appeal." *Ex parte Villasana*, Application No. 41,695, at 528-30. The state habeas court agreed, finding that appellate counsel's decision was reasonable, and that his performance was not deficient. It concluded that "Applicant received effective assistance from his appellate counsel." *Ex parte Villasana*, Application No. 41,695, at 553. The state habeas court made a credibility choice against Petitioner's assertions that appellate counsel was ineffective when it rejected the claims. This finding is presumed correct and compels rejection of this claim. 28 U.S.C. § 2254(e); *Marshall v. Lonberger*, 459 U.S. 422, 433, 103 S. Ct. 843, 850 (1983); *Valdez*, 274 F.3d at 948 n. 11. Petitioner has failed to prove that there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. The CCA rejected these claims when it denied Petitioner's state habeas application. Petitioner has not shown that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has not shown that there was no reasonable basis for the state court to deny relief. *Richter*, 526 U.S. —, 131 S. Ct. at 784.

## Conclusion

Petitioner failed to prove that there is a reasonable probability that, but for trial and appellate counsel's alleged unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. He has also failed to show prosecutorial misconduct or abuse of the trial court's discretion. Further, in each of his claims, he failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams*, 529 U.S. at 402-03, 120 S. Ct. at 1517-18; *Childress*, 103 F.3d at 1224-25. He has not shown that there was no reasonable basis for the state court to deny relief. *Richter*, 526 U.S. —, 131 S. Ct. at 784. Accordingly, his petition should be denied and dismissed.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this court, nonetheless, address whether Petitioner would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and

argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604.

It is respectfully recommended that reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 134, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that the court find that the Petitioner is not entitled to a certificate of appealability as to the claims raised.

## Recommendation

It is therefore recommended that the petition be denied and dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An

objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 30th day of August, 2014.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE